**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**

In re:

                               **Case No.  17-50297**

**MICHAEL W. DECKER**               **Chapter 7**

      **Debtor.**


**KILMER & ASSOCIATES, CPA, PC,**

      **Plaintiff,**

**v.**                                   **Adv. Pro. No.  17-05012**

**MICHAEL W. DECKER,
W. STEPHEN SCOTTM TRUSTEE,**

      **Defendants.**


**DEFENDANT'S RULE 26(a)(1) DISCLOSURE**

COMES NOW, Defendant, Michael W. Decker, by counsel, and provides the

following Initial Disclosure pursuant to Rule 26(a)(1) of the Federal Rules of Civil

Procedure:

A.     The name and, if known, the address and telephone number of each

individual likely to have discoverable information that the disclosing party may use to

support its claims or defenses, unless solely for impeachment, identifying the subjects of

the information.

**RESPONSE**:  **Michael W. Decker – Mr. Decker will testify regarding his
regular contributions to his individual retirement accounts and health savings
accounts.  He will further testify about the value of Winchester Accounting &
Consulting, Inc., a subchapter S corporation in which he is the sole shareholder and
only accountant.**

**Mr. Decker will further testify that Winchester Accounting & Consulting, Inc. by employing only one CPA does not have institutional goodwill. Accordingly, the valuation of such a practice from an accounting and valuation standard would be based solely on its physical assets. Finally, Mr. Decker will testify regarding the tax implications of the proposed sale of Winchester Accounting & Consulting, Inc.**

B.    A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

**RESPONSE:  See documents produced to Plaintiff as Decker 0001-1964.[1]**

C.    A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**RESPONSE:  Not applicable.**

D.    For inspection and copying as under Rule 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:  Not applicable.**

The Defendant reserves the right to supplement this response at a later date should additional information become available.

---

[1] Documents labeled Decker 1500-1964 will be produced on October 2, 2017 pursuant to the Order of this Court.

**MICHAEL W. DECKER**
By Counsel


      /s/ James P. Campbell
James P. Campbell, Esq. (VSB #25097)
*Campbell Flannery, P.C.*
1602 Village Market Blvd. Suite 220
Leesburg, Virginia  20175
(703) 771-8344/Telephone
(703) 777-1485/Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that service of a true copy of the foregoing has been made as follows:

Type of Service:          First Class Mail  Electronic Mail via the United States
                          Bankruptcy Court to all parties requesting notice and
                          First-Class, U.S. Mail to the parties listed below

Date of Service:          September 29, 2017

Persons served and address:   William E. Shmidheiser, III, Esq.
                              Lenhart Pettit
                              90 North Main Street, Suite 201
                              Harrisonburg VA 22803

Item Served:              Defendant's Rule 26(a)(3) Disclosure

           /s/ James P. Campbell
             James P. Campbell